IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SOCIAL POSITIONING INPUT | § | |
| SYSTEMS, LLC | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:21-cv-03658 |
| | § | |
| LONESTAR TRACKING, LLC | § | |

## DEFENDANT LONESTAR TRACKING, LLC'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **Lonestar Tracking, LLC**, Defendant, and asserts the following in response to the allegations contained in Plaintiff's Complaint, respectfully showing the Court as follows:

## FIRST DEFENSE

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant asserts that Plaintiff has failed to state a claim against this Defendant upon which relief can be granted.

## SECOND DEFENSE

Without waiving the foregoing and now answering the separately enumerated paragraphs of the Plaintiff's Complaint, Defendant, Lonestar Tracking, LLC, answers as follows:

1.  Defendant is not required to respond to the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.  Defendant admits that Plaintiff has stated a colorable claim for jurisdiction in this Honorable Court.

3.  Defendant is not required to respond to the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.     Defendant admits the service particulars as to Lonestar Tracking, LLC as set forth in paragraph 4 of Plaintiff's Complaint.

5.     Defendant admits that it is subject to personal jurisdiction as Defendant resides and is domiciled within the Southern District of Texas.  However, Defendant denies that it committed or that it continues to commit acts of infringement as alleged.

6.     Defendant denies the allegations of infringement contained in Paragraph 6 of Plaintiff's Complaint.

7.     Defendant admits that venue is proper in this District as a result of Defendant's residency therein.  Defendant denies that acts of infringement occurred in this District as alleged.

8.     Defendant is not required to respond to the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.     The allegations contained in paragraph 9 of Plaintiff's Complaint are legal in nature and require no response from Defendant.

10.     Defendant is without sufficient information of knowledge so as to form a belief as to the allegations in paragraph 10 of Plaintiff's Complaint.

11.     Defendant is not required to respond to the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.     Defendant is without sufficient information or knowledge to form a belief in the allegations in paragraph 12 and therefore denies the allegations.

13.     Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Defendant admits that it offers a GPS tracking device as one of the items it sells.

15.     Defendant denies the allegations in paragraph 15 of Plaintiff's Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of Plaintiff's

Complaint.

17.    Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.    Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.    Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.    Defendant is not required to respond to the allegations contained in paragraph 20 of Plaintiff's Complaint as they are legal in nature.

21.    Defendant is not required to respond to the allegations contained in paragraph 21 of Plaintiff's Complaint.

### **THIRD DEFENSE**

By way of affirmative defenses, Defendant pleads as follows:

1.    Defendant plead non-infringement as that term is known and understood in law.

2.    Defendant pleads the Doctrine of Laches.

WHEREFORE, PREMISES CONSIDERED, Defendant, **Lonestar Tracking, LLC**, prays that judgment be entered that Plaintiff takes nothing herein, that its case be dismissed with prejudice, that Defendant recover its costs expended in connection with this matter and that Defendant be afforded all other and further relief, be it general or special, at law or in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

*//s// Jeffrey R. Bale*
Jeffrey R. Bale
State Bar No. 01629800
Federal ID No. 3324
Kensington I, Suite 200
1600 Highway 6 South
Sugar Land, Texas 77478
Phone:  (281) 295-6000
Fax:      (281) 295-6010
Email:  jbale@balelawfirm.com
*Attorney for Defendant,*
*Lonestar Tracking, LLC*

OF COUNSEL:

Ross B. Bale
State Bar No. 24094522
Federal ID No. 2639704
THE BALE LAW FIRM, PLLC
Kensington I, Suite 200
1600 Highway 6 South
Sugar Land, Texas 77478
Phone:  (281) 295-6000
Fax:  (281) 295-6010
Email: rbale@balelawfirm.com
*Attorney for Defendant,*
*Lonestar Tracking, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that I am a member of THE BALE LAW FIRM, PLLC, attorneys for the Defendant herein, and that I have provided a copy of the foregoing to all counsel of record via the ECF Filing System this **22nd** day of **December**, **2021**.

**<u>Via The ECF Filing System</u>**
Mr. Jay Johnson
Mr. D. Bradley Kizzia
KIZZIA JOHNSON, PLLC
1910 Pacific Avenue, Suite 13000
Dallas, Texas 75201
*Attorneys for Plaintiff,*
*Social Positioning Input Systems, LLC*

*//s// Jeffrey R. Bale*
Jeffrey R. Bale